STATE OF CONNECTICUT *v.* JOSEPH IRVING

REVIEW DIVISION OF THE SUPERIOR COURT

Decided May 1, 1964

*Joseph Irving,* the defendant, pro se.

*John B. Sullivan,* state's attorney, for the state.

BY THE DIVISION. On February 3, 1964, the defendant, age fifty, pleaded guilty to two counts of obtaining money by false pretenses. He was sentenced to state's prison on the first count for a term of not less than two years nor more than three years and on the second count for one year. The effective sentence was for not less than two years and not more than four years. As to each of these offenses, the statutory penalty provided for is a fine of $500 or imprisonment for not more than three years, or both. General Statutes § 53-360.

The first count involves the cashing by the defendant of his personal check dated July 2, 1963, drawn by him on a bank account which, with his knowledge, had been closed out about two months previously. On July 3, 1963, and in similar fashion, that is, by the issuance of another check, also admittedly known by him to be worthless, this defendant did fraudulently obtain the further sum of $65

in cash from a second party, who accommodated him in cashing this check at the defendant's request.

Though other criminal activities by Irving bear an earlier date, his proclivities in the particular direction of issuing worthless checks and fraudulently obtaining cash therefor, also forgery, larceny and grand larceny, appear on record beginning with 1949, and repeatedly thereafter. His field of endeavour in this connection extended over at least three states. There is ample evidence of what seems to be incurable recidivism in connection with such criminal acts over the past fourteen years. Neither society nor this defendant has gained because of the several sentences which heretofore have been imposed. His jail sentences with execution suspended and the actual serving by this defendant of a few relatively short periods of time in jail have done nothing to deter him with relation to a continued repetition of similar offenses.

The defendant seeks a lighter sentence. There is here no reasonable indication that the sentence subject to review was not fitting for these crimes and appropriate for this defendant. Attempts at other dispositions have failed. It is concluded, from an examination of the record, the information furnished by the adult probation department, the transcript of the proceedings at the time of sentencing, and the remarks of the applicant before us, that here there was made an effort to accomplish the ultimate objective as to a criminal sentence. In this sentence, a proper measure of punishment was given, ample opportunity for rehabilitation was afforded, and significant indication of deterrence has been included. The sentence is fair, proper and must stand.

BOGDANSKI, BARBER and MEYERS, Js., participated in this decision.